HARRY HEILMANN, for Himself and All Other Creditors of RAYMOND A. POWELSON, Plaintiff, *v.* RAYMOND A. POWELSON and GOTTLIEB WERNER, JR., Defendants.

(Supreme Court, New York Special Term, September, 1917.)

Fixtures — action to set aside sale of — Personal Property Law, § 44.

Section 44 of the Personal Property Law, declaring that a transfer of an entire stock of goods in bulk without the pre-

vious notice which the section requires, will be presumed to be fraudulent and void as against the creditors of the seller, has no application to a sale of fixtures only.

ACTION to set aside a sale of fixtures.

Francis M. Applegate, for plaintiff.

Herzfeld & Sweedler, for defendants.

ORDWAY, J. This is an action to set aside a sale of fixtures by the defendant Powelson to the defendant Werner on the ground that it was made contrary to the provisions of section 44 of the Personal Property Law (the Bulk Sales Act), and that the defendant Werner account for the property and pay the claim of the plaintiff, and for the appointment of a receiver. In my opinion the Bulk Sales Act does not apply here, as the sale was of fixtures only and not of merchandise. It seems to me that it was the plain intent of the legislature that the act should apply to a sale of a stock of merchandise primarily, and also to include in the prohibition fixtures pertaining to the business if sold in connection with the merchandise, but not to cover fixtures only. The repetition of the word " merchandise " and the punctuation of the paragraph, thus grouping " merchandise " with " fixtures " at each mention of the word " fixtures," after having already referred separately to the stock of merchandise, to my mind show conclusively this intent. In has been so held by Mr. Justice Mullan in the case of *Saqui* v. *Wiricks*, N. Y. L. J., Sept. 7, 1916. The Michigan case (*Brown* v. *Quigley,* 165 Mich. 237), upon which the plaintiff relies, does not seem to me to have passed upon this point, as the majority of the judges placed their decision upon the ground that the articles sold were neither fixtures nor merchandise, and the case, therefore, cannot be considered an authority upon this

point. But even if this were not so, I am of the opinion that the purchaser complied with all the requirements of the act. The fact that there were no creditors was certified to by the seller under oath, and the act does not require that the information regarding creditors should be put in the form of an affidavit, or in any particular form. The evidence justifies the conclusion that it was practically impossible to fix the cost price of the goods mentioned in the inventory by reason of their condition, the long time they had been in use, and the alterations and repairs thereto subsequent to their purchase by the seller. In my opinion, since the defendant Werner's inquiry disclosed no creditors, although carefully made, and he knew of none, he could buy the goods even if covered by the act without inventory or notice. See the dissenting opinion of Judge Vann in *Wright* v. *Hart,* 182 N. Y. 330, 356, which was adopted and approved by the Court of Appeals in the later case of *Klein* v. *Maravelas,* 219 id. 383, 387. But even if this were not so, and it were necessary for the seller to certify under oath that he had no creditors, there is no provision of the statute which requires such certificate to be made at least five days before the transfer, and it would seem that a certificate under oath delivered at the time of the sale would be sufficient. Judgment for defendant Werner dismissing the complaint upon the merits, with costs. I have passed upon all of the requests to find and filed the same. Submit decision, including all of the findings of fact and conclusions of law actually found, in the precise language found, also final judgment.

**Judgment accordingly.**