JOSEPH E. MARCUS and Others, Plaintiffs, *v.* ALBERT A. KNITZER, Defendant.

Supreme Court, Special Term, Kings County, February 7, 1938.

*Allen E. Marcus,* for the plaintiffs.

*Philip Sagon,* for the defendant.

LOCKWOOD, J. The plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice, or in the alternative to strike out the defendant's answer pursuant to rule 104.

The action is based upon section 44 of the Personal Property Law to set aside a sale of certain merchandise and fixtures by Frieda Magolowitz to the defendant.

In the complaint it is alleged that on May 3, 1937, Frieda Magolowitz delivered her promissory note to the plaintiff in the sum of $75, payable August 3, 1937, for value received, and that

no part of such sum has been paid; that on or about August 30, 1937, Frieda Magolowitz, who was engaged in the retail paint business, sold and transferred the goods, wares, merchandise and fixtures thereof to the defendant, in bulk, not in the regular course of business. The complaint further alleges failure to comply with the provisions of section 44 of the Personal Property Law.

The answer denies the material allegations of the complaint, except that it admits the sale and transfer to the defendant and that no notice thereof was given to the plaintiff, and sets up as an affirmative defense that on August 20, 1937, defendant purchased from Frieda Magolowitz certain merchandise and fixtures, and that the bill of sale contains a duly executed affidavit of title in which the seller swore that she was not indebted to any one and had no creditors; that the defendant, aside from relying on the affidavit of title, made a careful, reasonable and diligent search and inquiry for creditors before purchasing the merchandise and fixtures.

The material facts urged by defendant as a defense, and which must be deemed true for the purpose of this motion, are as follows:

At the time the defendant negotiated with Frieda Magolowitz for the sale of the merchandise he requested a list of her creditors, and she stated she had none, and thereafter executed an affidavit to that effect. The defendant then examined her books, which substantiated the proposed seller's statement. The defendant then communicated with the seller's supply houses and was informed by each that the seller's obligations had all been paid. Inquiry of the seller's landlord revealed that the rent had been paid to date. Prior to the sale the defendant had no notice or knowledge, actual or constructive, that the plaintiff or any one else was or claimed to be a creditor of the seller.

The plaintiff contends that on May 3, 1937, Frieda and Louis Magolowitz executed and delivered to him a promissory note in the sum of seventy-five dollars, payable August 3, 1937, for value. The nature of such value and the circumstances under which the note was given is not stated. That on August 3, 1937, the plaintiff presented the note for payment, which was not made, but the maker asked the plaintiff not to sue, that she would pay it in a few days.

On August thirtieth, after the sale and transfer, the plaintiff notified the defendant of the former's claim against the seller.

Plaintiff predicates his right to judgment on the authority of *Brod* v. *Supreme Dress Co.* (243 App. Div. 622) and *Terris* v. *Julian Food Corp.* (247 id. 799).

The above-cited cases both possess an important feature distinguishing them from the case at bar, namely, that in each of

those cases it appeared that the transferee had knowledge of the claim or debt against the transferor.

The first " Bulk Sales Act " in this State (Laws of 1902, chap. 528) was declared unconstitutional in *Wright* v. *Hart* (182 N. Y. 330), with a dissenting opinion by Judge VANN, in which he stated (p. 356): " What is required of the purchaser? To some extent he must look after the interests of creditors, if there are any. He must either see that they are paid or notify them in advance of what is to be sold, the price paid and to be paid and must ask the seller who his creditors are. If there are no creditors the statute does not apply. If the inquiry, when carefully made, discloses no creditors, and the purchaser knows of none, he may buy in safety without the inconvenience of inventory or notice."

In *Klein* v. *Maravelas* (219 N. Y. 383) the Court of Appeals unanimously declared constitutional a statute (Laws of 1914, chap. 507) similar in essentials to the one condemned in the *Wright* case. The court held that the decision in *Wright* v. *Hart* (*supra*) was wrong and expressly adopted the argument and conclusions of the dissenting judges in *Wright* v. *Hart* (*supra*).

It would seem, therefore, that where the seller swears he has no creditors, a careful and honest inquiry by the buyer discloses none and he has no knowledge of any, he need not comply with the provisions of the statute.

A similar conclusion was reached in *Heilmann* v. *Powelson* (101 Misc. 230, 231).

The motion to strike out defendant's answer and for summary judgment in favor of the plaintiff is denied.