C. TAYLOR WETTLAUFER, Plaintiff, *v.* NATALIE ROGERS and LOUIS GOLABICH, Defendants.

Supreme Court, Erie County, November 24, 1939.

*Karl Goldman,* for the plaintiff.

*Ward & Ward* [*Peter Ward* of counsel], for Louis Golabich.

GOLD (WILLIAM A.), J. This is a motion on behalf of the defendant Louis Golabich for an order dismissing the complaint herein as to him upon the ground that it does not state facts sufficient to constitute a cause of action against him.

The complaint alleges that on or prior to the 14th day of September, 1939, the plaintiff was and still is a creditor of the defendant Natalie Rogers on account of rent due; that said Natalie Rogers was engaged in the business of conducting a rooming house upon the premises; that on or about said date she sold and transferred to the defendant Louis Golabich the said business, together with all the goods, wares, merchandise, fixtures and equipment thereof in bulk by a bill of sale;

" That the defendant, Louis Golabich, did not ten days prior to the said purchase and sale obtain and file a detailed inventory

showing quantity and cost of each article included in the sale, nor demand and receive from the defendant, Natalie Rogers, a written list of names and addresses of her creditors with the amounts due each, and certified by her under oath to be a full, accurate and complete list of creditors, nor notify personally or by registered mail the plaintiff or other creditors of the proposed sale and of the price, terms and conditions thereof, and entirely failed to comply with the requirements or to do any of the things described in Section 44 of the Personal Property Law to render valid such sale of property in bulk.

" That the defendant, Louis Golabich, is therefore accountable and responsible to the plaintiff and to all other existing creditors similarly situated to the extent of the value of all the goods, wares, merchandise, fixtures and equipment included in his purchase from the defendant, Natalie Rogers."

Plaintiff claims that the sale of a rooming house business without giving the notice to creditors as required by section 44 of the Personal Property Law is void and should be set aside. However, in his brief, he states; " I can find no law in New York State at present directly in point."

It has been held that section 44 of the Personal Property Law has no relation to the transfer of furniture and fixtures of a hotel. (*Stewart* v. *Sulger*, 174 App. Div. 838.)

If said section has no relation to the transfer of furniture and fixtures of a hotel, it cannot as to the transfer of furniture and fixtures of a rooming house.

The motion to dismiss the complaint as to the defendant Louis Golabich is, therefore, granted.

Let an order be entered accordingly.