Carl Ahlers, Inc., Plaintiff, *v.* Max Dingott and Another, Defendants.

Supreme Court, Special Term, Kings County, January 24, 1940.

*Irving Finkelstein,* for the plaintiff.

*Morris Berler,* for the defendants.

Lockwood, J.  Defendant moves to dismiss the complaint under rule 113 of the Rules of Civil Practice, in an action brought under section 44 of the Personal Property Law.

The complaint alleges, among other things, that the plaintiff was, and still is, a creditor of Max Dingott on account of goods sold and delivered to him; that the said Max Dingott sold and transferred to the defendant Edward Otchet the dairy store located at 4620 Sixteenth avenue together with the goods, merchandise and fixtures thereof in bulk, and that said transfer was not made in the ordinary course of trade and is fraudulent and void against plaintiff.  The complaint further alleges the buyer's failure to comply with the requirements of section 44 of the Personal Property Law.

The defendant claims, and the plaintiff does not dispute, that the sale and transfer included only fixtures and the seller's lease of the store and no merchandise.  The defendant contends, therefore, he did not have to comply with the statute.

The buyer contends further that he made reasonable inquiry to determine whether or not the seller had any creditors and exacted from the seller an affidavit stating that he had no creditors.

The plaintiff contends that at the time of the sale all parties concerned, as well as the attorney who represented both the buyer and seller, had actual knowledge that the seller owed money to various creditors for merchandise purchased and delivered at another store owned by the seller in Coney Island.

This court has heretofore held that where a seller swears he has no creditors and none are disclosed by a careful and honest inquiry by the buyer who has no knowledge of any, he need not comply with the provisions of the statute. (*Marcus* v. *Knitzer,* 168 Misc. 9.)

However, in this case there is a question of fact as to whether the buyer had knowledge of the plaintiff's claim or of any other creditors.

As to the other question involved, it has been held by Special Term in New York county that where fixtures and a lease but no merchandise were sold, the transaction was not covered by section 44 of the Personal Property Law (*Saqui* v. *Wiricks,* 167 N. Y. Supp. 661), and that the statute does not apply to a sale of fixtures only. (*Heilmann* v. *Powelson,* 101 Misc. 230.)

Both of these cases were decided in September, 1917, at which time the statute provided: " 1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures."

By chapter 158 of the Laws of 1934 this section was amended to read as follows: " 1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise or of fixtures, or merchandise and of fixtures."

It is apparent that the reasoning upon which the two above cited cases were based does not apply to the statute in its present form.

Motion to dismiss complaint denied.

The purchaser shall be appointed receiver of the property transferred.

Settle order on notice.