THE TEXAS COMPANY, in Its Own Behalf and in Behalf of All Other Creditors of RAYMOND FERDINAND Similarly Situated, Plaintiff, *v.* FRANK DREXELIUS and Others, Defendants.

Supreme Court, Erie County, May 9, 1941.

*Saperston, McNaughtan & Saperston* [*Emanuel Duke* of counsel], for the plaintiff.

*Frederick F. Grotz*, for the defendants.

MALONEY, J. The plaintiff brings action pursuant to the Bulk Sales Act. (Pers. Prop. Law, § 44.) The defendants Ferdinand were at all times herein copartners in trade.

Plaintiff seeks to set aside a sale of a grocery and delicatessen store in the village of Williamsville, N. Y., made by defendants Ferdinand to the defendant Drexelius, by reason of the alleged failure of the parties to comply with the statute aforesaid. One of the two defendants Ferdinand furnished the buyer with a purported certificate under oath to the effect that it contained a list of all the creditors of the grocery and delicatessen store, together with a statement as to the amount of its indebtedness and the address of each creditor. The defendants copartners owned another and different store in the village of Williamsville.

The defendant Drexelius I find had no knowledge of the fact that they conducted such other business. The sellers failed to deliver to the purchaser a certificate under oath with a list of all of their creditors provided by the Bulk Sales Act. The certificate so delivered omitted the plaintiff's name in a list of their creditors. The statute permits of no limitation such as contained in the certificate as aforesaid., It was incumbent on the part of the purchaser to make a demand and the sellers to deliver a certificate in accordance with section 44 of the Personal Property Law, not of certain creditors but of all their creditors. A failure to so do is a violation of the law.

The defendants Ferdinand failed to further comply with the act in that they each did not furnish a certificate in the manner and to the effect prescribed. In the instant case all of the creditors included creditors of the copartners in all of the business enterprises conducted by them as well as a list of all their personal creditors. In this they later wholly failed to conform with the law.

Plaintiff, it is undisputed, at all times herein mentioned was a creditor of defendants Ferdinand and as such a creditor of the sellers should have been listed. Therefore, the failure to list plaintiff as such in the certificate delivered to the purchaser was a violation of the law as was the failure of each of the copartners to certify all their personal creditors. The failure to so do violated the act.

My attention has not been called to any opinion in this State defining the phrases in the Personal Property Law, " any creditor," " the creditors of the seller," " his creditors," " every creditor," and whether or not the certificate referred to in the act means all of the creditors of the seller or merely the creditors who have extended credit to the seller because of his conduct of the particular business being sold. The phrases aforesaid seem to me to be all inclusive, and not limited to any particular group of the seller's creditors.

By reason thereof, I find that the intent and meaning of the statute is all creditors of every kind and nature. The defendants having failed to comply with section 44 of the Personal Property Law, the plaintiff is entitled to the relief demanded in its complaint.

Let judgment enter accordingly in favor of the plaintiff against the defendants, without costs.