No. 35,537

THE CITIZENS STATE BANK OF HIAWATHA, *Appellee*, v. WILLIAM ROGERS, VERA ROGERS, His Wife; THE KANOTEX REFINING COMPANY et al., *Appellants*.

(126 P. 2d 214)

·Opinion filed June 6, 1942.

*Roy V. Nelson,* of Hiawatha, argued the cause for the appellants.

*Walker F. Means,* of Hiawatha, argued the cause, and *John S. Haney,* of Hiawatha, was on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to foreclose a chattel mortgage.

For a number of years defendant Wm. Rogers was engaged in the coal, gasoline and oil business in Hiawatha, under the name of Rogers Coal and Oil Company. On September 20, 1940, Rogers executed and delivered to the plaintiff bank two promissory notes—one for $500 and one for $1,350. On the same date Rogers, as security for the indebtedness represented by the notes, executed and delivered to plaintiff a chattel mortgage covering fixtures pertaining to the business. The chattel mortgage was recorded September 27, 1940. In the present action to foreclose the mortgage, plaintiff asked judgment for the balance due on the notes—that the property be sold· and that the proceeds be applied to payment of the judgment and costs—and that the claims of defendants, creditors of Rogers, be held junior and inferior to the lien of plaintiff.

Answers were filed by the defendants Midland Coal Company,

the Sinclair Coal Company and the Kniffen Coal Company. Defendants alleged they were creditors of Rogers and that the chattel mortgage to plaintiff was a sale and disposal of the personal property in question within the meaning of the bulk-sales act and was void as to defendants.

The court rendered judgment in favor of plaintiff for $1,801.17 with interest, but held that on September 20, 1940, the date of the chattel mortgage to plaintiff, Rogers was indebted to defendant Midland Coal Company in the sum of $236.06, and as plaintiff did not comply with the provisions of the bulk-sales act, the debt to the Midland Coal Company on the date of the execution of the chattel mortgage should first be paid out of the proceeds of the sale of the property.

It is conceded the mortgagee did not take actual possession of the property, and that notice was not given to the creditors of Rogers.

Defendants contend the execution and delivery of the chattel mortgage is a sale or disposal of the personal property covered by the chattel mortgage within the meaning of the bulk-sales statute, G. S. 1935, 58-101, and is void as to the creditors of Rogers, the mortgagor.

Section 58-101 provides—

"The sale or disposal of any part or the whole of a stock of merchandise or the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless . . ."

Our chattel mortgage statute, G. S. 1935, 58-307, provides—

"In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession."

It is well settled that where a chattel mortgage is given upon a stock of merchandise or the fixtures pertaining thereto, and possession of the property is surrendered to the mortgagee, the mortgage is a sale or transfer within the bulk-sales act. (*Bank v. Davis*, 103 Kan. 672, 175 Pac. 972; *Jewelry Co. v. Maddock*, 115 Kan. 108, 222 Pac. 113; *Joyce v. Armourdale State Bank*, 127 Kan. 539, 274 Pac. 200.) In *Bank v. Davis*, supra, it was stated: "If the owner of a stock of merchandise, while allowed to sell it only upon notice to his creditors, could mortgage it effectively without such notice, the evasion of the statute would be so easy as to deprive it of all practical force." (p. 674.) Does the rule apply where the mortgagor retains possession of the goods and chattels? The bulk-sales law was de-

signed to prevent the defrauding of creditors by the secret sale or disposal in bulk of substantially all of a merchant's stock of goods or fixtures pertaining thereto. (27 C. J. p. 873.) The evasion of the statute would be as easy where the possession was retained as where possession was surrendered at the time the mortgage was given. It is clear that the chattel mortgage before us is a disposal of the property within the meaning of the bulk-sales act, and that it is void as to the claims of creditors of Rogers created and existing on or before the date of the filing of the chattel mortgage for record.

The trial court held the mortgage was void as to certain claims of defendants which accrued prior to September 20, 1940—the date of the mortgage. There was some dispute as to the amount due on such items, but we find no reason to disturb the judgment of the trial court as to such claims.

The record discloses that Rogers ordered goods from defendants after the date of the mortgage including the date of the filing of the mortgage, and that such orders were accepted by defendants. We think the mortgage was void as to such items. As we understand the facts set forth in the record, there was a completed sale of the goods specified upon acceptance of the order, although delivery may have been made after the date of the recording of the mortgage.

The judgment of the trial court holding the chattel mortgage void as to the claims of the defendants for goods sold to Rogers on or before the date of the mortgage is affirmed. As to the claims of defendants for goods sold to Rogers after September 20, 1940, the date of the mortgage, and on or before September 27, 1940, the date of recordation, the judgment is reversed and the cause remanded with directions to enter judgment that the mortgage is also void as to such items.