### In re ELLIOTT et al.
### No. 9850.

District Court, D. Kansas, First Divisions.
June 25, 1942.

Tinkham Veale, of Topeka, Kan., for claimant.

W. S. Norris and Homer B. Jenkins, both of Salina, Kan., for trustee.

BRISTOW, Referee.

And now there comes on for consideration the petition for reclamation filed herein by Lillian M. Wiseman and the objections thereto filed by the trustee of the estate of the above-named bankrupts, and upon said petition and objections and upon the stipulations and agreed statements of fact and briefs of the parties and upon the record herein and after due consideration, I find:

Findings of Fact

1. The bankrupts were for several years before bankruptcy engaged in the wholesale distribution of fresh fruits, vegetables and groceries and maintained their principal place of business at Salina, Kansas.

2. During 1930 and 1931 they had constructed for the use of their business a building in Salina upon land leased from the Union Pacific Railroad Company. The leased land was a tract 68x 110x 62x 110 feet. How much of the land was covered by the building does not appear in the evidence. The building cost about $14,000 and the cooling rooms and their equipment about $4,800. The building is a substantial brick structure of one story with a full basement and elevator and is suitable for such a business as that of the bankrupts. The lease provided that the building should belong to the lessee and might be removed within ninety days after the expiration of the lease.

3. During the month of December 1938, as security for an existing debt, the bankrupts gave to Lillian M. Wiseman, the claimant herein, a chattel mortgage for $10,000 upon "all buildings and loading platform" on the land in question together with "all cooling rooms and cooling room equipment including all motors, compressors, dynamos, condensers, coils and equipment, plumbing and fixtures used in connection with said cooling rooms" and "all other machinery, plumbing and equipment now used by the bankrupt at the place in question." This was duly filed in the chattel mortgage records of Saline County and said property has by all parties involved in this controversy and also by the taxing authorities of Saline County been treated as personal property.

4. A petition in bankruptcy was filed against the Elliotts on December 10, 1940 and adjudication followed the next day.

5. Mrs. Wiseman in due time filed her petition asking that the property covered by the mortgage be delivered to her. Thereafter the trustee filed objections to her petition based upon the ground that the property was fixtures within the meaning of Article One of Chapter 58 of the Revised Statutes of Kansas, commonly known as the Bulk Sales Law, and that the terms of the law were not observed when the mortgage was given. By agreement between the parties the property was afterwards sold by the trustee for $4,000 with the understanding that the rights of the parties would be transferred to the proceeds of the sale. Certain stipulations and agreed statements of fact were filed and the briefs of the parties. The controversy has been reduced to two issues, stated in the claimant's brief as follows:

1. Is a one story, brick, stone and wood building, with full basement, and of semi-fireproof construction, and containing several thousand square feet of floor space, a fixture within the meaning of the Kansas State Bulk Sales Law? G.S. 58-101.

2. Does the disposal of such a building, if a fixture, without the disposal of some merchandise in bulk at the same time come within the Bulk Sales Law?

No issue was raised and no evidence presented on the question of whether or not some of the property involved in this controversy might be within the terms of the Act and some not. The parties treated the property as though it were all either within the Act or without.

## Conclusions of Law

1. The disposal of his fixtures by a merchant is a violation of the Kansas Bulk Sales Law whether or not he disposes of any merchandise at the same time.

2. The property involved in this controversy is not a fixture within the meaning of said law.

3. The proceeds of the sale of the property should be paid to the claimant after deducting any charges properly assessable against them.

## Order

Wherefore, it is ordered that the objections to the petition for reclamation filed herein by Lillian M. Wiseman be, and they hereby are, overruled and said petition is granted and the trustee is ordered to pay to said Lillian M. Wiseman the proceeds of the sale of said property minus any charges properly assessable against them.

## Memorandum

■ Taking first the second issue mentioned above, there is no question in my mind but that under the Kansas Bulk Sales Law the disposal of the fixtures of a merchant without observing the requirements of the law is forbidden by the Act. In support of her contentions the claimant cites cases from Texas, Illinois and New York, but the laws of those states differ so greatly from the Kansas statute that the cases cited are of little or no value in the determination of this issue. The statutes of Texas and Illinois, Vernon's Ann. Civ.St.Tex. art. 4001; Ill.Rev.Stat. 1941, c. 121½, § 78, refer to "a stock of merchandise, or merchandise and fixtures" while the Kansas law refers to "a stock of merchandise or the fixtures pertaining thereto". The New York statute, Personal Property Law, Consol.Laws, c. 41, § 44, as quoted in the claimant's brief, more nearly resembles that of Kansas but it is not the same. Claimant cites some New York trial court decisions apparently upholding her contention but there are other New York trial court decisions which take the exactly opposite view, e.g. Carl Ahlers, Inc., v. Dingott, 173 Misc. 873, 18 N.Y.S.2d 434. On the other hand there are three Kansas cases which by implication at least hold that a disposal of fixtures alone is within the Act. One of them is Stockyards Petroleum Company v. Bedell, 128 Kan. 549, 278 P. 739, whose application to the other issue in this case is vigorously debated by counsel. In it the owner of a filling station sold his stock of merchandise and unattached equipment to one person and the land, building and attached fixtures to another. Action was brought against both purchasers under the Bulk Sales Law. The appeal involved the attached fixtures. The Kansas Supreme Court held that they were within the law. The second case was decided by the Circuit Court of Appeals for the Tenth Circuit. Herzig v. Commercial State Bank, 91 F.2d 646, 34 A.B.R., N.S., 599. In that instance the bankrupt had given to the bank a mortgage involving only fixtures. As the Bulk Sales Law was not observed the transfer was declared void as against the trustee in bankruptcy. The third case is that of the Citizens State Bank v. Rogers, 155 Kan. 478, 126 P.2d 214, decided only a few days ago by our State Supreme Court, which is, on this point, a duplicate of the Herzig case.

There are decisions from other states expressly ruling that transfers of fixtures alone may violate Bulk Sales Laws. Among them are Elliott Grocer Company v. Field's Market, 286 Mich. 112, 281 N.W. 557, 558, 118 A.L.R. 845. This is a Michigan case and the law there refers to "stock of merchandise, or merchandise and the fixtures", yet the State Supreme Court specifically held that a transfer of fixtures alone was within it. To the same effect are Huckins v. Smith, 8 Cir., 29 F.2d 907, 13 A.B.R.,N.S., 166, an Arkansas case, and the case of In re Handy-Andy Stores of Louisiana, D.C., 51 F.2d 98, 18 A.B.R.,N.S., 365, which was affirmed on appeal under the name of First National Bank v. Sharp, 5 Cir., 54 F.2d 886, 19 A.B.R.,N.S., 189. In short, I believe that the Kansas law means just what it says and that it applies to a disposal of either stock or fixtures.

■ The other issue has raised much more doubt in my mind. In connection with it one should keep in mind the fact that the meaning of the term "fixtures" varies greatly according to circumstances.

As stated in 22 Am.Jur. 724: "Without a doubt, the principal cause of confusion and of apparently conflicting interpretation of the law of fixtures is a failure to recognize the fact that there are so many various relations under which the question as to whether an article constitutes a fixture may arise that the same rule does not apply to all, together with a tendency to decide the question which may have arisen under one relation by the rule established as applicable to another. So various are the considerations which enter into the interpretation of the law of fixtures, dictating varying and opposite conclusions as to the same or like articles which may become the subject of controversy, that an adjudicated case may fail to be any authority where the subject matter of the contest may be the same, since the particular case must be considered with reference to the relation of the parties". With respect to the Bulk Sales Law the same work in Vol. 24, p. 362, says: "The term is ordinarily construed as meaning such chattels as merchants usually possess and annex to the premises occupied by them in order to enable them the better to store, handle and display their goods and wares", though under the interpretation of the Kansas statute made by our state courts the law also seems to include the equipment used by a merchant in his business but not affixed to his premises. It seems to be well established that if a merchant owns a stock of merchandise and fixtures and the building in which they are kept for sale and the land upon which the building is located and he sells all of the property without observing the requirements of the Bulk Sales Law the sale of the land and building is valid but that of the merchandise and fixtures is not. Stockyards Petroleum Company v. Bedell, supra; Robbins v. Fuller, 148 Ark. 173, 229 S.W. 8; Mc Millen v. Nelson, 47 N.D. 284, 181 N.W. 618. The question, therefore, is: If a merchant leases land and erects thereon a building which the lease permits him to remove and uses the building as a mercantile establishment, is its transfer without observance of the requirements of the Bulk Sales Law void under that law? I find no Kansas authority on the subject and almost no authority from any other state. The closest approach to the situation now before the court to which I have found any reference is in the case of Union National Bank v. Garvey, 29 Pa.Dist. &

Co.R. 638, which appears to be a decision of a Pennsylvania trial court. It is summarized in 118 A.L.R. 852 where it is stated that the sale of a gasoline service station building erected on leased ground and subject to removal is governed by the Bulk Sales Act but nothing is said as to what the provisions of the Pennsylvania law are nor as to the size or cost of the building. While the building erected for the Elliotts can hardly be called a large one for a wholesale grocery, yet it is much larger than the average filling station and the circumstances of its use are quite different. I have been unable to convince myself that such a building as that involved in this case is a fixture within the meaning of the Kansas Bulk Sales Law or that the legislators responsible for the law had in mind any such structure when they passed it.

### On Petition for Review

In his brief accompanying his petition for review the trustee states that he finds it hard to follow the reasoning of the opinion which accompanies my order. I do not know that there is much that I can say in clarification or amplification of my opinion which would be helpful to the court unless it would be to remark that, as I read it, the trustee's argument runs thus: "If a building owned and used by a merchant in his business is personal property, it is a fixture under the provisions of the Bulk Sales Law of Kansas". The conclusion seems clearly to me to be a non sequitur. There are many kinds of personal property, both tangible and intangible, owned and used by a merchant in his business, which are neither merchandise nor fixtures within the meaning of the Bulk Sales Law. The thing whose disposal is forbidden under that act, except upon the observance of certain formalities, is merchandise or fixtures pertaining thereto. The question therefore is, What is a fixture under that law and is this building such a fixture?

In considering this matter one should keep in mind the rule stated in the quotation from American Jurisprudence set out in the memorandum attached to my order, the substance of which is that the term varies greatly in its meaning under different circumstances and that a meaning applicable in one instance may be entirely inappropriate in another. Most of the cases cited by the trustee are concerned with controversies between landlords and tenants

over property placed by the tenants upon the demised premises in which the question was whether such property was "trade" fixtures which might be removed by the tenant or fixtures which became a part of the realty and therefore could not lawfully be removed by him, a question quite different from that now before this court. American Jurisprudence in Vol. 24, page 362, says of the word when used in the Bulk Sales Law, "The term is ordinarily construed as meaning such chattels as merchants usually possess and annex to the premises occupied by them in order to enable them the better to store, handle and display their goods and wares". The only attempt of the Kansas Supreme Court to define the term under the Bulk Sales Law appears to be in the case of Stockyards Petroleum Company v. Bedell, 128 Kan. 549, on page 551, 278 P. 739, on page 740, where it says, "The nontechnical use of the word 'fixture' is the sensible interpretation which ought to be applied". It does not state what it means by "nontechnical" use. The question therefore is, Is a building of the kind described "A fixture pertaining to a stock of merchandise"? I have been unable to persuade myself that it is. It seems distinctly to me to be a building, not a mercantile fixture.

Leases of the kind involved in this case are common enough so that a court would probably be justified in taking judicial notice of their existence. I am reliably informed, off the record, that the building owned and occupied here in Salina, until its recent dissolution, by the Watson Wholesale Grocery Company was erected under a lease similar to this one, except that it was for a much longer term. It is a building of rather massive construction, three stories and basement, about 75x 150 feet, with a smaller two story addition at its rear. Under the trustee's argument, as I understand it, this building was a fixture pertaining to a stock of merchandise, though it would be difficult for me to imagine anybody ever thinking of it as such, and it is common understanding that much larger buildings even than the Watson building have been constructed under such leases.

There is apparently no case from Kansas or any other state involving this exact question. The nearest I have found was that of Union National Bank v. Carvey, 29 Pa. Dist. & Co. R. 638, mentioned in my memorandum, the decision of a Pennsylvania trial court, summarized in 118 A. L.R. 852, and of very little assistance in deciding this question. Places for the keeping and sale of merchandise may, of course, range all the way from a push cart or stationary wagon to structures of great size and cost. It is possible that some of them, at least the smaller ones, might be considered as mercantile fixtures but it seems clear, to me at least, that substantial buildings whether they be real or personal property are not fixtures pertaining to a stock of merchandise.

The trustee makes much of the fact that the Elliotts' creditors must have taken into consideration their ownership of this building when they extended credit to them. Any judicious creditor takes into account all of the nonexempt property of his debtor, real and personal, tangible and intangible, when he extends credit to the debtor, yet a debtor may dispose in any way he pleases of any of his property so long as he does not do so in order to defraud his creditors or his act is not in contravention of some statute and one who asserts that a transfer of property is unlawful has the burden of showing that it is, which burden in this instance rested upon the trustee and I am not persuaded that he has borne it.

Upon July 18, 1942 this order was affirmed upon review, without opinion, by the Hon. Richard J. Hopkins, Judge of the United States District Court for the District of Kansas.