MICHAEL MALEY, on Behalf of Himself and Other Creditors of CARL BLAKENEY, Plaintiff, *v.* CARL BLAKENEY et al., Defendants.

Supreme Court, Special Term, Onondaga County, March 3, 1945.

*Matteo Milazzo* for plaintiff.

*Robert K. Murray* and *Daniel J. Scully* for Carl Blakeney, defendant.

*Robert K. Murray* for Mandel Motor Truck Exchange, Inc., defendant.

SEARL, J. The facts in this case are substantially admitted. The main question involved is whether subdivision 1 of section 44 of the Personal Property Law, Bulk Sales Act, applies. Con-

cretely, does " The sale * * * of any part or the whole of a stock of merchandise or *of fixtures,* or merchandise and of fixtures pertaining to the conducting of the business of the seller " (italics supplied) contemplate and include the sale in bulk of four trucks, and three trailers, constituting in effect the total assets and property of defendant Blakeney?

The conceded facts are: That Blakeney was a coal dealer. The merchandise he handled, coal, would go out about as fast as it came in. There was very little stock on hand. Therefore, the question of whether there was ever a sale in bulk of merchandise so far as coal is concerned is not in the case. Plaintiff sold Blakeney tires for his trucks and trailers, and upon failure of payment obtained a judgment of $998.19 in May, 1943. Issuance of an execution brought a payment of $150.55, leaving a balance unpaid of $847.64. During the previous month of February, 1943, Blakeney had sold in bulk four trucks and three trailers, constituting almost his entire equipment, to defendant Mandel Motor Truck Exchange, Inc., for $2,350. No notification of this sale was given to Blakeney's creditors.

In June, 1943, Blakeney filed a petition in bankruptcy, was adjudicated on that date, named plaintiff as one of his creditors and has since been discharged. Such bankruptcy and discharge, however, are of no avail so far as discharging plaintiff's claim against the other defendant, the purchaser of the trucks. (*Kirkholder & Rausch Co.* v. *Bridgland,* 120 Misc. 565, affd. 211 App. Div. 838.)

The argument advanced by this defendant is that these articles of personal property are not included within the contemplation of the word " fixtures " as used in the statute. Conceding for the sake of argument that these seven pieces of motor equipment are not merchandise, let us search for light on the term " fixtures ".

Recent decisions are to effect that section 44 should be liberally construed to protect the rights of creditors. (*Himmelstein* v. *Bach,* 261 App. Div. 57; *Preferred Oil Co.* v. *Ansonia Management Corp.,* 257 App. Div. 830.)

The language of the act, " fixtures " and not " trade fixtures," at best, is misleading, for strictly speaking " fixtures " are a part of the realty, and if so have no place in the Personal Property Law.

So far as decisions in the State of New York are concerned we find *Ahlers, Inc.,* v. *Dingott* (173 Misc. 873) holding that the sale of fixtures only together with the seller's lease of a store, came within the present wording of the statute, distinguishing

*Saqui* v. *Wiricks* (167 N. Y. S. 661) and *Heilmann* v. *Powelson* (101 Misc. 230) decided when the statute read: " * * * merchandise, or merchandise and of fixtures."

It has been held that the statute does not apply to the sale of furniture and fixtures in a rooming house (*Wettlaufer* v. *Rogers,* 172 Misc. 554, citing *Stewart* v. *Sulger,* 174 App. Div. 838, decided before the 1934 amendment).

We find an expression in *Matter of City of New York* (*Triborough Bridge*) (249 App. Div. 579, 581): " Not all fixtures, even though used in the conduct of a claimant's business, fall within the category of real property for which an award must be made. In *Matter of City of New York* (*Allen Street*) (*supra*) [256 N. Y. 236] Judge LEHMAN wrote: ' Distinction must, of course, be made between chattels which have " such a determinate character as movables that they remain personal property, after their annexation to real estate " ' ".

Then it has been held that partitions, nailed only to floor and walls for the benefit of the business were not " fixtures ", technically, but were " trade fixtures " practically. (*United Booking Offices* v. *P. L. & T. Co.,* 65 Misc. 31.)

Thus we have varied interpretations of the application of this vacillating word " fixtures ". In other States the terms is even more illusive.

Examining first the authorities cited by defendants we find in *Bowen* v. *Quigley* (165 Mich. 337, 339) the Michigan statute speaks of a sale " of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business ". In *Everett Produce Co.* v. *Smith Bros.* (40 Wash. 566) the statute relates to the purchase of any stock of goods, wares or merchandise in bulk, and the court there held that horses and carriages were neither goods, wares nor merchandise. In *Gallus* v. *Elmer* (193 Mass. 106) the statute again relates to the sale of a stock of merchandise.

On the other hand, the State of Michigan has a bulk mortgage act referring to " a stock of merchandise or merchandise and fixtures ". Interpreting the language in *Michigan Packing Co.* v. *Messaris* (257 Mich. 422, 423, 424) the court held that a mortgage of fixtures only came within the purview of the act, thus giving the statute a more liberal construction than appears in the earlier *Bowen* case (*supra*). Later the act was amended to clarify the meaning by reading " merchandise or fixtures or merchandise and fixtures ". (*Elliott Grocer Co.* v. *Food Market, Inc.,* 286 Mich. 112, 115.)

Several authorities suggest the conclusion hereinafter arrived at in the case at bar. In *In Re Elliott* (48 F. Supp. 146, 147) involving an interpretation of the Kansas statute the court remarked "one should keep in mind the fact that the meaning of the term 'fixtures' varies greatly according to the circumstances." Then in American Jurisprudence (Vol. 22, Fixtures, § 12, p. 724) is the expression: "So various are the considerations which enter into the interpretation of the law of fixtures, dictating varying and opposite conclusions as to the same or like articles which may become the subject of controversy, that an adjudicated case may fail to be any authority where the subject matter of the contest may be the same, since the particular case must be considered with reference to the relation of the parties." Finally, the statement in *Fischer* v. *Rio Tire Co.*, (65 S. W. 2d 751, 758 [Tex.]) : "what is meant by 'fixtures pertaining to the conducting of said business' may, *on account* of the *nature of the business,* become an issue of fact" (italics inserted) peculiarly reaches the situation found to exist in the case at bar. Overlooking the equities of the case, which clearly are with the plaintiff, we find that the latter, when he sold tires for these trucks and trailers, clearly extended credit not on the value of the merchandise, but upon the value of the equipment itself. Even if we accept the technical definition of the term "fixtures" (24 Am. Jur., Fraudulent Conveyances, § 257, p. 362), the trucks and trailers were used to "handle" the "wares", in this instance, coal. The nontechnical use of the term is "'the sensible interpretation which ought to be applied'". (*Stockyards Petroleum Co.* v. *Bedell,* 128 Kan. 549, 551.)

Findings and conclusions of law may follow in conformity herewith and declaring the sale void. A receiver may be appointed of the property described in the complaint or the moneys received by defendant Mandel Motor Truck Exchange, Inc., from the resale thereof, to apply the proceeds of sale already or hereafter to be had under the authority and direction of this court.

Judgment accordingly.