JOHN DAVIGNON, Respondent, v. RACQUETTE RIVER PAPER COMPANY, Appellant, et al., Defendants.— Appeal from an order of the Supreme Court of Franklin County entered in the Office of the Clerk of Franklin County July 10, 1944, denying motion of defendant, The Racquette River Paper Company, for a dismissal of the complaint. The order appealed from denied a motion of defendant, The Racquette River Paper Company, made for a dismissal of the complaint upon the grounds (a) that it does not state facts sufficient to constitute a cause of action, and (b) that the movant is entitled to judgment dismissing the complaint under rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act. As based upon the first premise the complaint, when considered alone, it is contended, fails to constitute a cause of action within the provisions of section 44 of the Personal Property Law (the Bulk Sales Act) upon violation of which, on the facts pleaded, plaintiff relies for the judgment he seeks. The complaint alleges that the defendant, Sisson, was engaged in the business, among other things, of buying and selling pulp wood in and about a wide area of northern New York State and, in substance, that on December 21, 1942, while heavily in debt to plaintiff, he sold and transferred his said business in bulk to the other defendant, including therein all the property he owned and had used in the conduct of said business, including his stock of " manufactured wood ", without complying with the provisions of the statute. (Personal Property Law, § 44.) In face of these allegations it may not be said as a matter of law that a cause of action is not stated. The noun *merchandise* is commonly defined as " the objects of commerce " and thus the objects of business intercourse. The noun *fixtures* as used in the statute of course must be held to include all such things as are customarily and necessarily employed in the trade or traffic of the merchandise. Further insight into the kind, nature and extent of the business of said defendant Sisson, afforded by the moving defendant's answer and supporting affidavit, is relied upon for judgment dismissing the complaint. We think the motion was correctly decided by the court below for the reasons, (1) that the exemption of the questioned sale and transfer from the requirements of the aforesaid statute has not been so definitely demonstrated that judgment of dismissal may be said to be warranted under section 476 of the Civil Practice Act and (2) that the judge who heard the motion as made under rule 113 of the Rules of Civil Practice could properly have deemed plaintiff's showing of the facts sufficient to raise an issue with respect to the verity and conclusiveness of the movant's documentary evidence as respects its efficacy to establish the defense pleaded. The order should be affirmed. Order affirmed, with $25 costs and disbursements. Hill, P. J., Heffernan, Brewster and Foster, JJ., concur; Lawrence, J., taking no part. [See *post*, p. 913.]