WILLNER BUTTER & EGG CORP., Plaintiff, *v.* MATHIAS ROTH et al., Defendants.

Supreme Court, Special Term, Queens County, June 21, 1948.

*Anthony Olivo* for plaintiff.

*Deuer & Caesar* for Marie Paradiso and another, defendants.

HALLINAN, J. In an action to set aside a sale of goods in bulk, plaintiff moves, pursuant to section 44 of the Personal Property Law, for the appointment of a receiver. Defendants Paradiso cross move for summary judgment dismissing the complaint.

Plaintiff claims to be a creditor of defendant Roth, who sold his retail grocery business to defendant Anthony Paradiso. The application for a receiver is based on the purchaser's failure to comply with the provisions of section 44 of the Personal Property Law. The purchaser, who had no actual knowledge of any creditors, inquired of the seller concerning their existence. He examined the statements on file at the place of business, obtained an affidavit from the seller purporting to list all of them with the amounts due, and made provision for the payment of those listed. Plaintiff was not named in said list. It has been held that where a seller swears that he has no creditors and none is disclosed by a careful inquiry by the buyer, who has no knowledge of any, the buyer is not required to comply with the provisions of section 44 of the Personal Property Law. (*Ahlers, Inc.,* v. *Dingott,* 173 Misc. 873.)

The case of *Texas Co.* v. *Drexelius* (176 Misc. 371), is clearly distinguishable. There the sellers furnished the buyer with a

certificate under oath which listed " all the creditors of the grocery and delicatessen store". They owned another and different store in the same village. The court held that the limited certificate was not sufficient and that it was incumbent on the part of the purchaser to demand a certificate " not of certain creditors but of all their creditors." In the instant case, the seller did not qualify his statement concerning creditors, but swore " that your deponent has no creditors except those listed herein."

Plaintiff's motion for a receiver is denied and defendants' cross motion for summary judgment dismissing the complaint is granted.

Settle order on notice.