STUMPP & WALTER Co., Plaintiff, *v*. NAPANOCH COUNTRY CLUB, INC., et al., Defendants.

Supreme Court, Special Term, Ulster County, October 15, 1950.

*Lounsberry & Lonstein* for defendants.

*Philip Slutsky* for plaintiff.

SCHIRICK, J. This is a motion by the defendant to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.

The complaint is based upon section 44 of the Personal Property Law. Paragraph 5 alleges that prior to April 5, 1947, the defendant, Napanoch Country Club, Inc. was " engaged in the business of operating a hotel, country store, and conducting a bar where liquor and other refreshments were served, and sold ". Paragraph 6 alleges that on that day said defendant sold and delivered said business, good will and goods, wares and merchandise, fixtures, equipment and machinery thereof, to the defendant, the New Napanoch Country Club, Inc. The complaint further alleges that such sale was had without complying with section 44 of the Personal Property Law.

While some of the earlier cases, cited by defendants, adopt a restrictive interpretation of the statute and hold that it does not apply to a transaction such as this, the later cases reach a contrary conclusion. These hold that the amendment of the statute in 1934 (L. 1934, ch. 158) so as to include within its scope a bulk sale of " of fixtures " indicates a legislative intention to broaden the operation of the law.

In *Davignon* v. *Racquette Riv. Paper Co.* (269 App. Div. 889) this department held that the bulk sale of a business of buying and selling pulp wood, including all property owned and used

in the conduct of said business, came within the scope of section 44 of the Personal Property Law.

In *Maley* v. *Blakeney* (184 Misc. 705) it was held that the sale of four coal trucks, constituting all that remained of a coal business, came within the statute.

In *Ahlers, Inc.*, v. *Dingott* (173 Misc. 873) it was held that the sale of the fixtures of a dairy store, including the lease thereof, came within the scope of the statute.

Under the present-day liberal interpretation of the act, the complaint must be deemed to state facts sufficient to constitute a cause of action.

The motion is denied.