ADRIAN TABIN CORPORATION, Respondent, *v.* CLIMAX BOUTIQUE, INC. et al., Appellants, and L. D. J. DRESS, INC., Defendant.

Second Department, November 27, 1972.

*Martin E. Mandel* (*Samuel W. Gilman* of counsel), for appellants.

*Black & Brownstein* (*Walter Black* of counsel), for respondent.

SHAPIRO, J.   The novel issue posed by this appeal is whether a purchaser at a bulk sale, who receives an affidavit of "no creditors" is nevertheless under a duty to make careful inquiry as to the possible existence of creditors, of whom he has no actual knowledge.   The plaintiff, a creditor of the seller, was not notified of the sale and hence seeks an adjudication that, as to it, the sale is void.

Defendant L. D. J. Dress, Inc. (hereafter referred to as "the seller") operated a dress shop in Jamaica, Queens.   The seller was indebted to the plaintiff, a garment supplier, at the time it sold its business in bulk to defendant Paul Warman, who in turn sold the business to defendant Climax Boutique, Inc., in which he was a principal.   (Warman and Climax will hereafter be referred to as "the purchasers".)

Prior to the consummation of the bulk sale the purchasers received an affidavit from Joseph Marino, the president of the seller, which stated that the seller was not indebted to anyone and had no creditors.   The purchasers caused a lien search to be conducted and determined that there were no outstanding liens.

At the trial, the purchasers' attorney testified as follows: "I knew   *   *   *   the attorney for the seller for at least fifteen years, knew him well, had seen him in court maybe once a month for fifteen years so knew his voice well.   In fact I had matters with him too from the past.   At the closing   *   *   *   [the seller's attorney] and I spoke on the telephone and I said, ' What about the general creditors? you have told me already there are none but I think I should have some necessary affidavit to cover.' Then he said, ' Well, to begin with,' he said, ' I am going to give you a bill of sale sworn to by the seller and notarized by me as an attorney that there are absolutely no creditors.   He has shown me checks that he had sent to all his creditors because I checked it with him in order to close out the business for the end of the year and I am satisfied that there are none and as an attorney I would never let my client sign such an affidavit if I thought there were, and there are no creditors.' "   The parties stipulated that the purchasers had no knowledge of the plaintiff prior to the sale.

In setting aside the sale the Special Term noted that the purchasers had not requested an examination of the seller's books and had not questioned the source of the garments involved in the sale.   It held that the purchasers had not made careful inquiry of the seller as to existing creditors and that, failing

such careful inquiry, the purchasers had acted at their peril. The appeal is from the ensuing judgment, except that appellants, by their brief, have excluded from the appeal so much of the judgment as adjudged that the action is discontinued as to defendant L. D. J. Dresses, Inc.

A bulk sale is ineffective against creditors of the seller unless the purchaser requires the seller to furnish a list (signed and sworn to or affirmed) of his existing creditors (Uniform Commercial Code, § 6–104) and notifies such creditors of the impending sale (Uniform Commercial Code, §§ 6–105, 6–107). Prior to the adoption of the Uniform Commercial Code in 1962 (L. 1962, ch. 553), bulk sales were governed by the provisions of former section 44 of the Personal Property Law. That section was, in many respects, similar to the bulk transfer provisions contained in article 6 of the Uniform Commercial Code. Many of the cases which interpreted section 44 (including those relied upon by the Special Term in this case) held that, in addition to taking the required list of creditors from the seller, the purchasers were under a duty to make careful inquiry as to the possible existence of other creditors (see, e.g., *Marcus* v. *Knitzer,* 168 Misc. 9; *Carl Ahlers, Inc.* v. *Dingott,* 173 Misc. 873; *Klein* v. *Schwartz,* 128 N. Y. S. 2d 177).

In our opinion, such cases are no longer applicable. Subdivision (3) of section 6–104 of the Uniform Commercial Code (which has no counterpart in former section 44 of the Personal Property Law) provides that "responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is not rendered ineffective by errors or omissions therein *unless the transferee is shown to have had knowledge*" (emphasis supplied). Section 1–201 of the Uniform Commercial Code, the general definitions section of that code, provides, in subdivision (25), that "a person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it." It is therefore apparent that a bulk sale may not be set aside as to creditors not listed by the seller in the affidavit requested by the purchaser, of whom the purchaser had no actual knowledge. As the purchasers concededly had no actual knowledge of the plaintiff, the possibility of whose existence as a creditor was denied by the seller in an affidavit (the purchasers having no reason to disbelieve the truthfulness of the affidavit), the bulk sale may not be set aside as to the plaintiff.

We note, in passing, that even were the purchasers under a duty to make careful inquiry, they complied with that respon-

sibility in this case by making a lien search and by making inquiry of the seller's attorney, who represented that all creditors had been paid and that he had seen the checks sent out to them in payment of the seller's obligations.

The judgment should be reversed insofar as appealed from, on the law and the facts, with costs, and the complaint dismissed as to appellants, with costs.

MUNDER, J. (dissenting). The issue here is simply whether an affidavit of "no creditors" relieves the purchaser at a bulk sale of the duty to make careful inquiry as to the possible existence of creditors of whom he had no actual knowledge, under section 6–104 of the Uniform Commercial Code.

I conclude the answer is no.

The majority reaches the opposite conclusion and relies upon subdivision (3) of section 6–104 in doing so. That subdivision provides that "responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is *not* rendered ineffective by errors or omissions therein *unless the transferee is shown to have had knowledge*" (emphasis added). The majority says that subdivision (3), which has no counterpart in the predecessor to section 6–104, viz., former section 44 of the Personal Property Law, has removed the careful inquiry requirement and made the cases decided under the former section inapplicable. I disagree.

First, there is no indication that such a rash departure from the former law was intended. The notes in McKinney's Consolidated Laws of New York (Book 62½, Part 2, Uniform Commercial Code, p. 735) state the contrary. They refer to subdivision (3) as "new to the statute, *but declaratory of the New York law*" (emphasis added). They cite the cases decided under the former law (e.g., *Marcus* v. *Knitzer,* 168 Misc. 9) which the majority would now abandon. More important, a purchaser or transferee of the entire stock of a going business knows the seller more than likely has some creditors. He should at least inquire into the sources of the inventory. Otherwise, the opportunity for fraud upon creditors is too great. Here, the purchasers made no such inquiry. They relied upon an oral assurance by the seller's attorney that there were no general creditors and a statement to the same effect by the seller's president. The statement, although in affidavit form, was not notarized.

I agree with the finding of the Special Term that the purchasers' conduct was insufficient to bar the plaintiff's claim. The judgment should be affirmed insofar as appealed from.

RABIN, P. J., and HOPKINS, J., concur with SHAPIRO, J.; MUNDER, J., dissents and votes to affirm the judgment insofar as appealed from, with an opinion, in which LATHAM, J., concurs.

Judgment reversed insofar as appealed from, on the law and the facts, with costs, and complaint dismissed as to appellants, with costs.