Jasen, J.
The plaintiff, Adrian Tabin Corporation, is a creditor of the defendant L. D. J. Dress, Inc., a New York corporation engaged in the retail sale of dresses. L. D. J. (transferor) sold its business in bulk to one Paul War man, who in turn resold to defendant Climax Boutique, Inc. (transferee), in which he is a principal. At the closing, the transferor furnished a bill of sale, which was preserved by the transferee, containing a schedule of the property transferred, together with an affidavit averring that the business was ‘ ‘ free arid clear of any and all liens, mortgages, security interests, levies, debts, taxes or other claims ” and “ that the Transferor is not indebted to anyone and has no creditors.” In addition, before consummation of the sale, the transferee’s attorney made a lien search, which disclosed no liens, and inquired of the transferor’s attorney as to creditors and was assured that there were none.
Upon learning of the sale, the plaintiff brought an action to have it declared ineffective because the transferee had failed to give notice to it as a creditor, as required by section 6-105 of the Uniform Commercial Code. The trial court voided the sale holding that the transferee had a duty to inquire carefully as to the existence of creditors, intimating that a review of the seller’s books and questioning of the transferor as to the source of the merchandise was required. Lacking such an inquiry, the court held the sale was ineffective. The Appellate Division, by a divided court, reversed, holding that under the Uniform Commercial Code a transferee of a bulk sale who lacks knowledge of creditors of his transferor may rely on an affidavit of no creditors and need not make a careful inquiry. The court was further of the view that, even if the careful inquiry requirement of the former law (Personal Property Law, § 44) were superimposed on the Uniform Commercial Code, the transferee’s actions were in sufficient compliance..
*213 We affirm and hold that the transferee of a bulk sale who has no knowledge of creditors of the transferor may rely on an affidavit of no creditors furnished by the transferor and that the Uniform Commercial Code imposes no duty of careful inquiry as existed under former law.
The language of section 6-104 is simple and unambiguous. In pertinent part, subdivision (1) provides that a bulk transfer is ineffective as against creditors of the transferor unless the transferee requires the transferor to furnish a list of creditors and the transferee preserves the list for six months and allows reasonable inspection thereof. Subdivision (3) places upon the transferor the responsibility for the accuracy and completeness of the list and provides that the transfer is not ineffective because of errors or omissions in the list unless the transferee had knowledge. “ Knowledge ”, as carefully defined by . the code draftsmen, means actual knowledge (Uniform Commercial Code, § 1-201, subd. [25]), not constructive knowledge. And as the official comment to subdivision (3) above makes clear, the sanction for the accuracy of the list of creditors is the false swearing statute of the State.
Concededly, cases interpreting the pre-Uniform Commercial Code New York Bulk Sales Act (former. Personal Property Law, § 44) stand for the proposition that before ,a transferee may rely on an affidavit of no creditors, he must make careful inquiry and otherwise have no knowledge of such creditors of the transferor. (Klein v. Schwartz, 128 N. Y. S. 2d 177; Willner Butter & Egg Corp. v. Roth, 192 Misc. 970; Carl Ahlers, Inc. v. Dingott, 173 Misc. 873; Marcus v. Knitzer, 168 Misc. 9; Heilmann v. Powelson, 101 Misc. 230.) But on the face of section 6-104 of the Uniform Commercial Code, there is no requirement of careful inquiry.[1] Notwithstanding the commentary accompanying subdivision (3) of section 6-104 that it is declarative of precodé New York law (see McKinney’s Cons. Laws of N. Y., Book 62%, Uniform Commercial Code, § 6-104, p. 735), in our view, the judicial gloss on the former law has not been carried over. As the report of the New York Law Revision Commis *214 sion more accurately states, subdivision (3) of section 6-104 is merely in “ general accord ” with precode law. (1955 Report of N. Y. Law Rev. Comm. [Study of the Uniform Commercial Code], p. 1747.) Although at first reading this provision may seem harsh oh the transferor’s creditors, a requirement of careful inquiry might, on the other hand, tend to restrain the free alienation of property. Hence, it is in this situation that the code protects the innocent transferee because “ the desirability of allowing transfers to go forward outweighs the value of protecting the omitted creditor.’:’ (Hogan, The Highways and Some of the Byways in the Sales and Bulk Sales Articles of the Uniform Commercial Code, 48 Cornell L. Q., 1, 37.)
Although the Supreme .Court of New .Jersey has not yet passed upon the precise issue before, us, we note two decisions from the intermediate appellate court of that State in accord with this analysis. In Federal Ins. Co. v. Pipeco Steel Corp. (125 N. J. Super. 563), the defendant imported three shipments of steel from Japan, each of which was subject to import duty. Federal Insurance Co. furnished bpnds in favor of the United States to secure payment of the same. Ultimately, Federal was compelled to pay. on the bpnds. Thereafter, Pipeco made a bulk transfer omitting Federal and the United States from the list of creditors furnished to the transferee. Federal then brought an action against the transferor and the transferee seeking to recover the sums paid to the United States and alleging that the bulk sale was ineffective as to it because notice of the transfer had not been given as required by the bulk sale provisions of the New Jersey Commercial Code. (N. J. S. A. 12A:6-10,5.) There was nothing in the record to suggest that the transferee had actual knowledge of the claim of the United States or Federal. The trial court agreed that the bulk sale was ineffective for .failure to give notice and granted summary judgment for Federal. On appeal, it was urged that since Pipeco wa,s partly engaged in importing, the transferee had constructive knowledge that an import duty might be owing to the United States and should have inquired into that possibility. The appellate court disagreed and reversed, stating: “ The statute does not render a transfer ineffective unless the transferee is shown to have had knowledge that the list of creditors was *215 incomplete. This statutory language does not embrace the concept of constructive notice or constructive knowledge. Actual knowledge is required.” (125 N. J. Super. 563.) (Accord Silco Automatic Vending Co. v. Howells, 102 N. J. Super. 243, affd. 105 N. J. Super. 511; Hansell, Bulk Transfers Under Article 6 of the Iowa Uniform Commercial Code, 19 Drake L. Rev. 275, 284; Shkolnick, The Nebraska Uniform Commercial Code : Article 6 — Bulk Transfers, 43 Neb. L. Rev. 760, 766; White & Summers, Handbook of the Law Under the Uniform Commercial Code, § 19-3, pp. 650, 651.)
This is not to say, however, that the omitted creditor is entirely without remedy. The Uniform Fraudulent Conveyance Act (Debtor and Creditor Law, § 270 et seq.) was not repealed by the enactment of the Uniform Commercial Code. Under section 276 of that law, if a transferee knowingly participates in a conveyance made with actual intent to “ hinder, delay, or defraud * * * present and future creditors ” of the transferor, the goods may be recovered from the transferee by the transferor’s creditors notwithstanding literal compliance with the bulk transfer provisions of the Uniform Commercial Code. (See, generally, Hawkland, Remedies of Bulk Transfer Creditors Where There Has Been Compliance with Article 6, 74 Commercial L. J. 257; 1 Glenn, Fraudulent Conveyances and Preferences, § 313.) Also, section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96) proscribing preferential transfers may apply in a given context. Conceivably, a preferential transfer could occur in a bulk sale triggering the filing of a petition for involuntary bankruptcy against the transferor. Upon adjudication of the transferor as a bankrupt, the transferee could be required to turn the property over to the trustee if, at the time of the conveyance, the transferee had reasonable cause to believe the transferor was insolvent.
Optional section 6—106[2] of the official text of the Uniform Commercial Code, not yet adopted in New York and to which *216 legislative attention is invited, provides additional protection for the omitted creditor. This section obligates the transferee to apply the proceeds of the transfer to the debts of the transferor. In practical effect, optional section 6-106 provides an additional 30 days, from the date when the notice to creditors (Uniform Commercial Code, §§ 6-105, 6-107) would ordinarily be given, for unlisted or omitted creditors to assert their claims. (See Hawkland, Remedies of Bulk Transfer Creditors Where There Has Been Compliance with Article 6, 74 Commercial L. J. 257, 262.) Adoption of this expedient provision would go far toward furnishing additional protection for the simple, unsecured creditor.
We recognize, as is so ably stated in the dissenting opinion, that strong reasons grounded in public policy and in the. equities of the situation can be raised as a basis for imposing a duty of careful inquiry upon the transferee of a bulk sale. Nevertheless, it is our view that the simple and unambiguous language of section 6-104 and the precise and careful definition of knowledge as used in the code (§ 1-201, subd. [25]) preclude such a construction.
For the reasons stated, the order of the Appellate Division should be affirmed, with costs.

. Indeed, there was none in former section 44 of the Personal Property Law. The requirement was of judicial creation and; it has been suggested, resulted from mistaken application of precedent. (See Note, 52 North Carolina L. Rev. 165, 167-168.)

. “ § 6-106, Application of the Proceeds. In addition to the requirements of the two preceding sections: (1) Upon every bulk transfer subject to this Article for which new consideration becomes payable except those made by sale at auction it is the duty of the transferee to assure that such consideration is applied so far as necessary to pay those debts of the transferor which are either shown on the list furnished by the transferor (Section 6-104) or filed in writing *216 in the place stated in the notice (Section 6-107). within thirty days after the mailing of such notice. This duty of the transferee runs to all the holders of' such debts, and may be enforced by any of them for the benefit of all.”